UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GILLAM & PAMALA GILLAM,<br><br>                Plaintiffs,<br><br>       v.<br><br>CITY OF VALLEJO, et al.,<br><br>                Defendants. | No. 2:14-cv-2217-KJM-KJN PS<br><br>ORDER |

Plaintiffs Marvin Gillam and Pamala Gillam, who proceed in this action without counsel, have requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 2, 3.)[1] Plaintiffs' applications in support of their requests to proceed *in forma pauperis* make the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiffs' requests to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

In this case, plaintiffs essentially allege that the police officer defendants unlawfully tasered and beat plaintiff Marvin Gillam with a flashlight, and unlawfully placed plaintiff Pamala Gillam in too tight handcuffs for an extended period of time despite her numerous complaints of pain. Plaintiffs assert 42 U.S.C. § 1983 claims based on use of excessive force in violation of the Fourth Amendment against the police officer defendants, as well as a corresponding <u>Monell</u> claim against defendant City of Vallejo.

Based on the limited record before the court, the court cannot conclude that plaintiffs' action is frivolous, that the complaint fails to state claims on which relief can be granted, or that plaintiffs seek monetary relief from an immune defendant. The court reserves decision as to plaintiffs' claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiffs' complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiffs' pleading. Accordingly, the court orders service of the complaint on defendants.

Additionally, the court notes that plaintiffs' complaint makes several references to the fact that their "legal assistant," Frederick Marc Cooley, who is not a licensed attorney, is providing them with various types of assistance in this action. Plaintiffs are cautioned that non-attorneys are not permitted to represent litigants other than themselves in federal court. Thus, although Mr. Cooley may accompany plaintiffs to court hearings and conferences for moral support, and may provide plaintiffs with whatever other assistance is permissible under applicable law, <u>plaintiffs must sign their own pleadings and filings, must make their own appearances at court-ordered hearings and conferences, and must present their own oral argument.</u> ***Importantly, plaintiffs themselves, and not Mr. Cooley or some other non-party, are ultimately responsible for the contents of their briefs and filings with the court, as well as their compliance with the court's Local Rules, the Federal Rules of Civil Procedure, and the court's orders.[2] Failure to comply with such rules and orders may result in the imposition of sanctions against plaintiffs or any other violating party.***

---

[2] A copy of the court's Local Rules may be obtained from the Clerk's Office or on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions to proceed *in forma pauperis* (ECF Nos. 2, 3) are granted.

2. Service of the complaint is appropriate for defendants City of Vallejo, Joe McCarthy, and Jerome Bautista.

3. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiffs one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiffs are advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served.

6. Plaintiffs shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiffs, without prepayment of costs. If the U.S. Marshal is unable, for any reason, to effectuate service of process on any defendant, the U.S. Marshal shall promptly report that fact, and the reasons for it, to the court.

8. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an

order to pay the costs of service by the U.S. Marshal.

9. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

10. Plaintiffs' failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  October 14, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE