UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GILLAM & PAMALA GILLAM,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF VALLEJO, et al.,<br><br>    Defendants. | No. 2:14-cv-2217-KJM-KJN PS<br><br><br>ORDER |

On February 26, 2015, the court conducted a status (pre-trial scheduling) conference in this matter. (ECF No. 13.) Plaintiffs Marvin Gillam and Pamala Gillam appeared representing themselves,[1] and attorney Kelly Trujillo appeared on behalf of defendants City of Vallejo, Joe

---

[1] According to plaintiffs, their "legal assistant," Frederick Marc Cooley, who is not a licensed attorney, is providing plaintiffs with various types of assistance in this action. At the conference, plaintiffs indicated that, although they can read and write, Mr. Cooley had prepared virtually all of plaintiffs' filings in the case thus far, and that plaintiffs intend to pay Mr. Cooley a portion of any recovery in this litigation. Plaintiffs are hereby cautioned that non-attorneys are not permitted to represent litigants other than themselves in federal court. Thus, although Mr. Cooley may accompany plaintiffs to court for moral support, and may provide plaintiffs with whatever other assistance is permissible under applicable law, plaintiffs must review and sign their own pleadings and filings, must make their own appearances at court-ordered hearings and conferences, must present their own oral argument, and must themselves engage in any necessary meet-and-confer efforts with defendants' counsel. Defendants have no obligation to meet and confer with Mr. Cooley, or with plaintiffs via Mr. Cooley. Importantly, plaintiffs themselves, and not Mr. Cooley, are ultimately responsible for the contents of their briefs and filings with the court, as well as their compliance with the court's Local Rules, the Federal Rules of Civil

McCarthy, and Jerome Bautista.

At the conference, plaintiffs represented that they intended to seek an attorney to represent them. Plaintiffs requested the court to briefly stay and defer scheduling the case to provide them with an opportunity to obtain counsel, and defendants indicated that they had no objection to that proposal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs are granted until April 1, 2015, to obtain an attorney. If plaintiffs retain an attorney, that attorney shall file a notice of appearance on behalf of plaintiffs by April 1, 2015.
2. If plaintiffs are unable to obtain an attorney within that timeframe, plaintiffs shall meet and confer with defendants' counsel, and the parties shall file a joint statement no later than April 1, 2015, addressing the following topics:
   (a) The status of plaintiffs' efforts to obtain an attorney;
   (b) Whether plaintiffs require a brief, additional extension to obtain an attorney, and if so, the proposed length of the extension, or whether plaintiffs desire to proceed without counsel;
   (c) The status of the related criminal prosecution against plaintiff Marvin Gillam; and
   (d) If plaintiffs desire to proceed without counsel, revised proposed dates for scheduling the case.
3. Any formal discovery and motion practice in this case are briefly stayed until a scheduling order or other appropriate order issues, although the parties remain free to informally conduct any discovery or pursue resolution of the action by settlement.

IT IS SO ORDERED.

Dated: February 26, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Procedure, and the court's orders. Failure to comply with such rules and orders may result in the imposition of sanctions against plaintiffs or any other violating party.