UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GILLAM & PAMALA GILLAM,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　　　Defendants. | No. 2:14-cv-2217-KJM-KJN PS<br><br><br>ORDER |

　　　　On April 2, 2015, the court granted plaintiffs a further extension of time to obtain counsel and continued the temporary stay of formal discovery and motion practice until a scheduling order or other appropriate order issues. (ECF No. 16.) However, the court's order made clear that "[w]hether or not plaintiffs successfully retain an attorney, plaintiffs and defendants shall meet and confer, and then file an updated joint status report with proposed dates for scheduling the case no later than June 1, 2015." (Id.)

　　　　 On June 1, 2015, defendants filed a separate status report, indicating that the parties could not agree on a proposed schedule for the case, and that plaintiffs would apparently be submitting their own status report. (ECF No. 19.) However, plaintiffs failed to file any status report by the required deadline. Nor did they timely request an extension of time to comply with the court's order.

////

1

Consequently, on June 8, 2015, the court issued an order imposing monetary sanctions in the amount of $100.00 on plaintiffs and requiring the parties to file a joint status report, as previously ordered, within 21 days. (ECF No. 20.)

Thereafter, on June 10, 2015, plaintiffs filed a motion for reconsideration. (ECF No. 21.) In that motion, plaintiffs claim that, although the parties initially disagreed on the proposed case schedule, plaintiffs ultimately stipulated to defendants' proposed schedule. (Id.) According to plaintiffs, it was their understanding that defendants' counsel would file "the status report" and that plaintiffs had no obligation to file a separate status report. (Id.)

Taking plaintiffs at their word, and assuming that the parties had merely miscommunicated regarding the matter, the court grants plaintiffs' motion for reconsideration and vacates the order imposing monetary sanctions. Additionally, given that the parties now agree to the proposed schedule set forth in defendants' status report, the court vacates the order requiring the filing of a further joint status report. A pretrial scheduling order is issued in a separately-filed order.

However, the court notes that this needless satellite litigation regarding scheduling amounted to a waste of the court's already-limited resources, and demonstrates precisely why the court insists on a joint status report. When the court requires a joint filing, it means a <u>filing signed by all parties and leaving no assumptions to be made as to who joins the filing</u>, even if only one of the parties physically files the document on the ECF system. Any differences that the parties may have regarding a particular issue may be set forth in the joint filing, and do not constitute good cause to file separate filings. Any party who fails to so comply will be sanctioned without further warning.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for reconsideration (ECF No. 21) is granted.
2. The court's June 8, 2015 order (ECF No. 20) is vacated.

Dated: June 15, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE