UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GILLAM & PAMALA GILLAM,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2217-KJM-KJN PS<br><br><br>ORDER |

  Presently pending before the court is plaintiffs' motion to modify the scheduling order. (ECF No. 32.)[1] In essence, plaintiffs seek an extension of the January 14, 2016 discovery motion hearing deadline in the pretrial scheduling order, thereby permitting the court to hear a discovery motion that plaintiffs wish to bring.

  Generally, a pretrial scheduling order can only be modified upon a showing of good cause. See Fed. R. Civ. P. 16(b)(4); Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification was not diligent, the inquiry should end and the

---

[1] The motion was filed with insufficient notice pursuant to Local Rule 230, and was also noticed for hearing on February 5, 2016, which is not an available civil law and motion date for Judge Newman. As such, the February 5, 2016 hearing is vacated. Nevertheless, because the court finds briefing in response to the motion unnecessary, and because defendants' interests would not be impaired by the court's resolution of plaintiffs' motion here, the court exercises its discretion to reach the merits of the motion.

1

motion to modify should not be granted." Zivkovic, 302 F.3d at 1087.

As the court previously explained in its order denying plaintiffs' motion to compel:

> [G]ood cause does not exist to modify the scheduling order. The discovery responses at issue were served on November 12, 2015, which provided plaintiffs with an adequate opportunity to bring a timely motion to compel in accordance with the court's scheduling order. Instead, plaintiffs first contacted defendants' counsel to schedule a meet-and-confer conference on December 24, 2015, which, in addition to being Christmas Eve, was the last day on which a notice of motion to compel could have been filed to ensure a timely hearing on January 14, 2016.

(ECF No. 31 at 2.) Subsequently, plaintiffs filed a motion to compel on December 28, 2015, which was noticed for hearing on January 14, 2016, but that motion was properly denied for failure to comply with the notice and substantive requirements of Local Rule 251. (ECF Nos. 27, 28.) Now, faced with an inability to have their discovery motion heard in accordance with the scheduling order, plaintiffs seek to modify that order. However, plaintiffs were plainly not diligent, and their inability to have their motion heard is entirely attributable to their own delay and failure to comply with the Local Rules. Thus, there is no good cause to modify the pretrial scheduling order.

The court again admonishes the parties that the discovery motion hearing deadline has now passed, and that no further discovery motions will be entertained from any party. The parties are encouraged to focus their efforts on preparing for any dispositive motions and/or trial.

The motion to modify the pretrial scheduling order (ECF No. 32) is DENIED.

IT IS SO ORDERED.

Dated:  January 20, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2